FILED
UNITED STATES DISTRICT COURT CLERKS OFFICE
DISTRICT OF MASSACHUSETTS

2004 APR -6  A 11: 00

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| BACOU-DALLOZ USA SAFETY, INC., and HOWARD LEIGHT INDUSTRIES, LLC<br><br>Plaintiffs,<br><br>v.<br><br>CABOT SAFETY INTERMEDIATE CORPORATION and AEARO COMPANY,<br><br>Defendants. | Case No.<br><br>04-40049-NMG |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Bacou-Dalloz USA Safety, Inc. ("Bacou") and Howard Leight Industries, LLC ("HLI"), by their undersigned attorneys, for their Complaint against defendants Aearo Company ("Aearo") and Cabot Safety Intermediate Corporation ("CSI"), allege as follows:

### Parties

1.  Plaintiff Bacou is a Delaware corporation with a place of business at 910 Douglas Pike, Smithfield, Rhode Island. Bacou's primary business is the manufacture and sale of safety products. Prior to January 1, 2004, one of Bacou's operating divisions conducted the hearing protection business under the name Howard Leight Industries. Since January 1, 2004, HLI, a subsidiary of Bacou, and a limited liability company of Delaware with a place of business at 7828 Waterville Road, San Diego, California, has conducted such hearing protection business. Prior to February 27, 1998, this business was held by Howard Leight & Associates, Inc. ("HLA"). Bacou, HLI and HLA are hereinafter collectively referred to as "Leight."

2.  Upon information and belief, Defendant Aearo is a Delaware corporation with a place of business at 35 Optical Drive, Southbridge, MA.

RECEIPT # 404292
AMOUNT $ 150.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY CLK _____
DATE 4-6-04

3.  Upon information and belief, CSI is a wholly-owned subsidiary of Aearo, and shares Aearo's place of business at 35 Optical Drive, Southbridge MA.

### Subject Matter Jurisdiction

4.  Insofar as this is an action for a declaratory judgment, jurisdiction arises under Sections 2201 and 2202 of the Judicial Code, 28 U.S.C. §§ 2201, 2202. Jurisdiction over the underlying case of actual controversy arises under Sections 37 and 39(a) of the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1119, 1121(a) and Sections 1331, 1338(a), 1338(b) and 1367 of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a), 1338(b) and 1367.

### Personal Jurisdiction

5.  Defendants by virtue of having a place of business in Southbridge MA., within the District of this Court, are amenable to personal jurisdiction of this Court.

### Venue

6.  Venue is proper in this District because pursuant to Sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. §§ 6. Venue is proper in this District because pursuant to Sections 1391, defendants are deemed to reside within the district of the Court.

### General Allegations: Case or Controversy

7.  Aearo and Leight are, and have been for many years, competitors in the United States in the manufacture and sale of disposable ear plugs for use in industry. Aearo has sold

and sells most or all of such earplugs under the trademark E·A·R. Leight has sold and sells most or all of such earplugs under the trademark HOWARD LEIGHT.

8. Upon information and belief, since approximately 1973, most of the earplugs Aearo has sold have been colored yellow, molded in a cylindrical shape, and dispensed in individual packets plainly marked with the brand name E·A·R.

9. In 1997, Aearo and CSI commenced an action in this Court (Civil No. 97-40216-NMG) to restrain Leight from manufacturing and selling partially yellow-colored disposable earplugs in individual packets plainly labeled HOWARD LEIGHT.

10. That action ended when this Court entered summary judgment against Aearo and CSI on the merits, dismissing all claims.

11. On March 23, 2004, Aearo and CSI recommenced legal action to restrain Leight from manufacturing and selling yellow-colored earplugs. A true copy of the Complaint in AEARO COMPANY AND CABOT SAFETY INTERMEDIATE CORPORATION *v.* BACOU-DALLOZ USA SAFETY, INC. HOWARD LEIGHT INDUSTRIES DIVISION, United States District Court for the Southern District of Indiana, Indianapolis Division Case No. 1:04-CV-0547 RLY – WTL is annexed hereto as Exhibit A.

### FIRST CLAIM FOR RELIEF

12. The majority of Leight's disposable earplugs and, upon information and belief, of Aearo's E·A·R plugs are sold for use in industries in which OSHA mandates that such earplugs be worn and that employers monitor employee compliance.

13. Bright colors, such as yellow, assist employers in monitoring their employees' compliance with OSHA hearing protection requirements.

3

14. Upon information and belief, early advertising for E·A·R plugs correctly and accurately stated:

> The bright yellow color of E-A-R plugs has always been a big advantage as they are highly visible and aid compliance checks. E-A-R has experimented with many colors but found yellow to be the most easily seen at a distance.

15. The color yellow, therefore, is functional for earplugs, the wearing of which is subject to OSHA compliance monitoring, so no valid trademark rights may exist in that color for such products.

## SECOND CLAIM FOR RELIEF

16. Ownership in the alleged trademark in the color yellow for earplugs is reflected by United States trademark registration 1,435,400. Aearo and CSI claim that CSI is the owner of the registration and trademark for yellow-colored earplugs, and that Aearo is the exclusive "licensee" of the rights to use the trademark.

17. Upon information and belief, Aearo is the entity that manufactures and sells the E·A·R yellow-colored earplugs.

18. By law, Section 6 of the Trademark Act, 15 U.S.C. § 1055, the benefits of Aearo's use "inure" to the benefit of CSI only if the registered mark E·A·R is used by a "related company" of CSI.

19. By law, Section 45 of the Trademark Act, 15 U.S.C. § 1127, Aearo is a "related company" of CSI only if Aearo's "use of the mark is controlled by the owner of the mark [CSI] with respect to the nature and quality of the goods or services on or in connection with which the mark is used."

20. Upon information and belief, for more than three years, CSI has been a wholly-owned subsidiary of Aearo, and consequently has no power or ability to realistically control Aearo with respect to the nature and quality of the yellow-colored earplugs which Aearo makes and sells.

21. Since the benefits of Aearo's use of the yellow-colored earplug trademark have not inured to the benefit of CSI for more than three years, by statute, Section 45 of the Trademark Act, 15 U.S.C. § 1127, whatever rights there may otherwise have been in the trademark are *prima facie* abandoned.

### THIRD CLAIM FOR RELIEF

22. Leight makes yellow-colored earplugs in the United States which it ships to jurisdictions outside the United States only.

23. Leight is unaware of any yellow-colored earplugs it may have manufactured for sale abroad reentering the United States. If there has been any such trans-shipment back to the United States, it has been without Leight's knowledge, consent or intent, and, moreover, the quantities, upon information and belief, are *de minimus* and have no significant effect on United States commerce.

24. There is, therefore no subject matter jurisdiction over such sales abroad.

### FOURTH CLAIM FOR RELIEF

25. To the extent, if any, to which Aearo and CSI assert relief against Leight's sale of partially yellow-colored earplugs in commerce, they are precluded by principles of res judicata (a.k.a. "claim preclusion and/or collateral estoppel", a.k.a. "issue preclusion") from doing so.

**WHEREFORE,** Defendant Leight prays:

A. that this Court enter a judgment declaring: (1) that the color yellow is functional and cannot be a trademark for earplugs; (2) that to the extent the color yellow may ever have been a valid trademark for earplugs, it has been abandoned; (3) that Leight's manufacture and shipment abroad of yellow-colored earplugs for retail sale outside the United States violates no right of Aearo or CSI; and (4) that the continued manufacture and sale of the earplugs which are the subject of *Cabot Safety Intermediate Corp. and Aearo Company v. Howard S. Leight and Associates, Inc.*, Civil Action No. 97-40216-NMG violates no right of Aearo or CSI; and

B. that this Court enter an order directing the Director of Trademarks in the United States Patent and Trademark Office to cancel Registration No. 1,435,400 pursuant to Section 37 of the Trademark Act, 15 U.S.C. § 1120; and

C. that this Court enter an order preliminarily enjoining Aearo, CSI and any entity in privity with either of them, from further prosecuting *Aearo Company and Cabot Safety Intermediate Corporation v. Bacou-Dalloz USA Safety, Inc. Howard Leight Industries Division*, United States District Court for the Southern District of Indiana, Indianapolis Division Case No. 1:04-CV-0547 RLY – WTL; and

D. that this Court award Leight its costs and its attorney's fees pursuant to Section 35(a) of the Trademark Act, 15 U.S.C. § 1117(a); and

E.  for such other and further relief as to this Court may seem fair, just and equitable.

Respectfully submitted,

Dated: April 5, 2004

*Charles Hieken*

Charles Hieken (BBO 233640)
Gregory A. Madera (BBO 313020)
225 Franklin Street
Boston, MA 02110-2804
Tel.: (617) 542-5070
Attorneys for Plaintiffs,
BACOU-DALLOZ USA SAFETY, INC. and
HOWARD LEIGHT INDUSTRIES, LLC

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

04-40049 NMG

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BACOU-DALLOZ USA SAFETY, INC., and
HOWARD LEIGHT INDUSTRIES, LLC

## DEFENDANTS
CABOT SAFETY INTERMEDIATE
CORPORATION AND AEARO COMPANY

(b) County of Residence of First Listed Plaintiff  Providence
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Charles Hieken, Esq.
Gregory A. Madera, Esq.
Fish & Richardson P.C.
225 Franklin Street
Boston, MA 02110-2804
Tel. (617) 542-5070

Attorneys (If Known)
Michael J. Rye, Esq.
Andrew C. Ryan, Esq.
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002
Tel. (860) 286-2929

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  / ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
|  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 290 All Other Real Property |  / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. Sec. 1331, 1338(a), 1338(b), 1367, Cancellation of trademark registration and noninfringement of trademark

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD  /s/ Charles Hieken

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04-40049-NMG

1. Title of case (name of first party on each side only) <u>Bacou-Dalloz USA Safety, Inc. v. Cabot Safety Intermediate Corporation</u>

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☒   NO ☐

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do <u>all</u> of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☒

   A. If yes, in which division do <u>all</u> of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☒   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Charles Hieken and Gregory A. Madera
ADDRESS Fish & Richardson P.C., 225 Franklin Street, Boston, MA 02110-2804
TELEPHONE NO. (617) 542-5070

(Coversheetlocal.wpd - 10/17/02)