THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AEARO COMPANY AND CABOT SAFETY INTERMEDIATE CORPORATION | ) ) ) |
| Plaintiff, | ) ) Case No. 1:04-CV-0547 RLY - WTL |
| v. | ) ) |
| BACOU-DALLOZ USA SAFETY, INC. HOWARD LEIGHT INDUSTRIES DIVISION | ) ) ) |
| Defendant, | ) ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Aearo Company and Cabot Safety Intermediate Corporation (collectively "Cabot"), by and through its attorneys, alleges as follows against Defendant, Bacou-Dalloz USA Safety, Inc., Howard Leight Industries Division ("Leight"):

### THE PARTIES

1. Plaintiff, Aearo Company, is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 5457 West 79th Street, Indianapolis, Indiana 46268.

2. Plaintiff, Cabot Safety Intermediate Corporation, is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 5457 West 79th Street, Indianapolis, Indiana 46268.

3. On information and belief, Defendant Leight is a corporation incorporated under the laws of Delaware, with a principal place of business located at 10 Thurber Boulevard, Smithfield, Rhode Island.

## JURISDICTION AND VENUE

4. This is a civil action for trademark infringement, false designation of origin and dilution under sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, as amended. Jurisdiction is conferred upon this Court pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338(b). Upon information and belief, Defendant is a Delaware corporation doing business in this judicial district. Requiring Defendant to respond to this action will not violate due process. Defendant is subject to the personal jurisdiction of this Court and is amendable to service of process purduant to the Indiana long-arm statute and Fed. R. Civ. P. 4(e). Venue is proper in this district under 28 U.S.C. §§1391(c).

## GENERAL ALLEGATIONS

5. Cabot and Leight are direct competitors in the personal safety products industry, including the manufacture and sale of earplugs.

6. Cabot Safety Intermediate Corporation is the owner by assignment of U.S. Trademark Registration No. 1,435,400 for yellow colored earplugs, filed on April 14, 1986 (hereinafter "the '400 Registration"). Aearo Company is the exclusive licensee of the '400 Registration. A copy of the '400 Registration is attached hereto as Exhibit 1.

7. Prior to the acts of Defendant complained of herein, Cabot and its predecessor companies have continuously and exclusively marketed, advertised, offered for sale, and sold its yellow colored earplugs since at least 1973.

8. Cabot's registered trademark for yellow colored earplugs, by virtue of its substantial use and promotion, has acquired great value as an identifier of Cabot's products, and distinguishes Cabot's products from those of its competitors.

2

9. As a result of Cabot's extensive advertising and sales of yellow colored earplugs, customers readily recognize, identify and distinguish Cabot's products from the products of others.

10. Cabot's trademark for yellow colored earplugs mark is an extremely valuable symbol of Cabot, its quality products and of the substantial customer goodwill that Cabot has earned over many years.

11. Cabot is informed and believes, and thereupon alleges, that without permission or authority from Cabot, Defendant has infringed Cabot's registered trademark for yellow colored earplugs by various acts including, but not limited to, manufacturing yellow colored earplugs in the United States and distributing them for sale and selling them in foreign markets in the same channels of trade as Cabot's product.

12. Cabot is informed and believes, and thereupon alleges, that the Defendant's yellow colored earplugs are sold and/or distributed in the United States in the same channels of trade as Cabot's product including, but not limited to, the sale and/or distribution of Defendant's yellow colored earplugs by Formula One Paddock Club in the United States.

13. Cabot is informed and believes that actual confusion between Cabot's trademark for yellow colored earplugs and Defendant's use of yellow colored earplugs has already occurred.

14. Cabot believes that Defendant's actions in the use of yellow colored earplugs are intended to trade upon the goodwill and substantial recognition associated with Cabot's trademark for yellow colored earplugs.

15. Cabot is informed and believes, and thereupon alleges, that Defendant is using the mark in an attempt to associate it with Cabot or otherwise trade on Cabot's reputation.

16. Cabot is informed and believes, and thereupon alleges, that Defendant's use of yellow colored earplugs is intended to cause confusion, mistake or deception.

17. By virtue of these acts, Defendant has created a likelihood of injury to Cabot's business, caused a strong likelihood of customer confusion as to the source of the Defendant's yellow colored earplugs earplugs, and has otherwise competed unfairly with Cabot.

18. Defendant's acts complained of herein have caused damage to Cabot and have irreparably injured the public recognition and goodwill associated with Cabot's trademark for yellow colored earplugs. Said acts will result in further damage and irreparable injury if Defendant is not restrained by this Court from further violation of Cabot's rights, for which Cabot has no remedy at law.

## COUNT I
## LANHAM ACT – TRADEMARK INFRINGEMENT

19. Cabot repeats and realleges the allegations set forth in paragraphs 1-18 of this Complaint.

20. This is a claim for federal trademark infringement under the Lanham Act, 15 U.S.C. §1051, *et seq.*

21. Defendant had actual knowledge of Cabot's prior use and registration of the trademark for yellow colored earplugs and, without the consent of Cabot, has used yellow colored earplugs to trade upon Cabot's reputation and goodwill by creating a likelihood of confusion and mistake among customers and the public, and by deceiving them.

22. By these acts, Defendant has willfully infringed Cabot's '400 Registration in violation of 15 U.S.C. §1051, *et seq.*

4

23. Defendant's aforesaid acts of infringement have injured and violated the rights of Cabot in an amount to be determined at trial. Further, by these acts, Defendant has irreparably injured Cabot in such injury and will continue unless enjoined by this Court.

## COUNT II
## LANHAM ACT – FALSE DESIGNATION OF ORIGIN

24. Cabot repeats and realleges the allegations set forth in paragraphs 1-23 of this Complaint.

25. This is a claim for false designation of origin under the Lanham Act, 15 U.S.C. §1125(a).

26. Upon information and belief, at the time of committing certain acts alleged herein, Defendant had actual knowledge of Cabot's ownership and prior use of its trademark for yellow colored earplugs.

27. In violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), Defendant has created and will continue to create a false designation of origin by selling and using in commerce, without permission of Cabot, yellow colored earplugs which confuses potential customers into believing that the Defendant's earplugs are associated with, sponsored by, or approved by Cabot.

28. Defendant's aforesaid acts have been willful and have injured and violated the rights of Cabot in an amount to be determined at trial. Further, by its actions, Defendant has irreparably injured Cabot, and such irreparable injury will continue unless this Court enjoins Defendant.

## COUNT III
## LANHAM ACT – TRADEMARK DILUTION

29. Cabot repeats and realleges the allegations set forth in paragraphs 1-28 of this Complaint.

30. This is a claim for federal trademark dilution under the Lanham Act, 15 U.S.C. §1125(c). Cabot's trademark for yellow colored earplugs became famous prior to the use and sale of yellow colored earplugs by Defendant.

31. Defendant's sale and use in commerce of yellow colored earplugs tarnishes, diminishes and/or dilutes the distinctive quality of Cabot's trademark.

32. Defendant's sale and use in commerce of yellow colored earplugs in the manner complained of herein has eroded, tarnished, and diminished the goodwill Aearo has long enjoyed in its trademark for yellow colored earplugs.

33. Upon information and belief, at the time of committing certain acts alleged herein, Defendant had actual knowledge of Cabot's ownership and prior use of its trademark for yellow colored earplugs.

34. In violation of 15 U.S.C. §1125(c)(1), Defendant has deliberately and willfully diluted the distinctive qualities of Cabot's federally registered trademark for yellow colored earplugs, and has caused irreparable damage to Cabot's business, reputation and goodwill and such injury will continue unless enjoined by this Court.

## COUNT IV
## INDIANA TRADEMARK ACT – TRADEMARK INFRINGEMENT

35. Cabot repeats and realleges the allegations set forth in paragraphs 1-34 of this Complaint.

36. This is an action for trademark infringement arising under the Indiana Trademark Act, Ind. Code §24-2-1, *et seq.*

37. Defendant had actual knowledge of Cabot's prior use and registration of its trademark for yellow colored earplugs and, without the consent of Cabot, has used yellow colored earplugs to trade upon Cabot's reputation and goodwill by creating a likelihood of confusion and mistake among customers and the public, and by deceiving them as to the source and origin of the product.

38. By virtue of these acts, Defendant has willfully infringed Cabot's registered trademark in violation of Ind. Code §24-2-1 *et seq.*

39. Defendant's aforesaid acts of infringement have injured and violated the rights of Cabot in an amount to be determined at trial. Further, by these acts, Defendant has irreparably injured Cabot and such injury will continue unless enjoined by this Court.

## COUNT V
## INDIANA TRADEMARK ACT – TRADEMARK DILUTION

40. Cabot repeats and realleges the allegations set forth in paragraphs 1-39 of this Complaint.

41. This is an action for trademark dilution arising out of the Indiana Trademark Act, Ind. Code §24-2-1, *et seq.*

42. Defendant's use of yellow colored earplugs tarnishes, diminishes and/or dilutes the distinctive quality of Cabot's trademark in violation of the Indiana Trademark Act.

43. Defendant has unfairly competed with and damaged Cabot irreparably, and such damage will continue unless this Court enjoins Defendant.

## COUNT VI
### INDIANA COMMON LAW UNFAIR COMPETITION

44. Cabot repeats and realleges the allegations set forth in paragraphs 1-43 of this Complaint.

45. This is an action for common law unfair competition arising under the common law state of Indiana.

46. In addition to the foregoing acts, Defendant has committed acts that have the natural and probable tendency to deceive the public so as to essentially pass of its yellow colored earplugs as that of Plaintiff's.

47. Defendant has committed acts that have attempted to and have created confusion as to the source of its yellow colored earplugs.

48. As a result of Defendant's acts, ordinary buyers making purchases under ordinary conditions have and will be deceived. By reason of the foregoing acts, Defendant has unfairly competed with Cabot in violation of the common law of the State of Indiana.

49. Defendant's acts of unfair competition have caused damage and irreparable injury to Cabot in an amount to be determined at trial, and such acts will result in further damage and irreparable injury if Defendant is not enjoined by this Court.

50. Defendant's willful acts of unfair competition under Indiana common law constitute fraud, oppression, and malice.

51. Accordingly, Cabot is entitled to exemplary damages.

### PRAYER FOR RELIEF

WHEREFORE, Cabot respectfully requests that this Court enter judgment:

A.  Declaring that Cabot's federally registered trademark for yellow colored earplugs be deemed valid and willfully infringed by Defendant in violation of the Lanham Act, 15 U.S.C. §1114 *et seq*. and the Indiana Trademark Act, Ind. Code §24-2-1 *et seq*. Declaring that Defendant's sale and use in commerce of yellow colored earplugs and/or any mark confusingly similar to Cabot's trademark for yellow colored earplugs is in violation of the Lanham Act, 15 U.S.C. §1125(a) and the Indiana Trademark Act, Ind. Code §24-2-1 *et seq*., as a false designation of origin and false description or representation.

B.  Declaring that Defendant has diluted the distinctive quality of Cabot's valid federally registered trademark in violation of the Lanham Act, 15 U.S.C. §1125(c)(1) and the Indiana Trademark Act, Ind. Code §24-2-1 *et seq*.

C.  Declaring that Defendant has unfairly competed with Cabot under the laws of Indiana.

D.  Preliminarily and permanently enjoining Defendant, its officers, subsidiaries parents, divisions, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendant who receive actual notice of the order by personal service or otherwise, pursuant to 15 U.S.C §1116 and the Indiana Trademark Act, from:

   1. Using the trademark for yellow colored earplugs and/or any mark confusingly similar to Cabot's trademark, whether alone or in combination with other words and/or designs which are likely to be mistaken for or confused with Cabot's trademark, or which are likely to create the erroneous impression that Defendant's products originate with Cabot, are endorsed by Cabot, or are connected in any way with Cabot, to sell, market, advertise and/or identify Defendant's earplugs;

9

    2. Falsely designating the origin of the Defendant's products;

    3. Causing a likelihood of confusion in the public as to the source or endorsement of Defendant's products;

    4. Otherwise infringing Cabot's trademark rights;

    5. Unfairly competing with Cabot in any manner whatsoever.

E.    Ordering Defendant to cease all use of the trademark for yellow colored earplugs.

F.    Ordering Defendant to deliver up for destruction all literature, advertising, labels, tags, packaging and products and all other materials bearing the infringing or otherwise unlawful mark pursuant to 15 U.S.C. §1118 and the Indiana Trademark Act.

G.    Ordering Defendant to file with this Court and serve on Cabot within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail a manner and form in which Defendant has complied with the injunction.

H.    Ordering Defendant to account to Cabot for any and all profits derived by Defendant and all damages sustained by Cabot by reason of Defendant's acts complained of herein.

I.    Ordering Defendant to pay over to Cabot all damages which Cabot has sustained as a consequence of the acts complained of herein, subject to proof of trial, and that Cabot be awarded Defendant's profits derived by reason of said acts, all as determined by said accounting.

J.    Declaring that Defendant's acts as complained of herein shall be deemed willful, and that this be deemed an exceptional case pursuant to 15 U.S.C. §1117(a). Further that Cabot be entitled to treble damages pursuant to 15 U.S.C. §1117(a).

K.    Ordering that Cabot recover exemplary damages.

L.   Ordering Defendant to account for all gains, profits, advantages, and unjust enrichment derived from its violations of law.

M.   Declaring that this case be deemed exceptional.

N.   Declaring that all damages awarded be trebled.

O.   Granting Cabot its costs and disbursements in this action, including reasonable attorney's fees.

P.   Granting Cabot such other and further relief as this Court may deem just.

The Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,

AEARO COMPANY AND CABOT SAFETY INTERMEDIATE CORPORATION,

By: _____
David C. Campbell, Esq.
BINGHAM MCHALE LLP
2700 Market Tower Building
10 West Market Street
Indianapolis, IN 46204-4900
(317) 635-8900

– and –

Michael J. Rye, Esq.
Andrew C. Ryan, Esq.
CANTOR COLBURN LLP
55 Griffin Road South
Bloomfield, CT 06002
(860) 286-2929

853969

11