UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 MAY 25  A 10: 17

U.S. DISTRICT COURT
DISTRICT OF MASS.

BACOU-DALLOZ USA SAFETY, INC., and
HOWARD LEIGHT INDUSTRIES, LLC

Plaintiffs,

v.

CABOT SAFETY INTERMEDIATE
CORPORATION and AEARO COMPANY,

Defendants.

Case No. 04-40049-NMG

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS OR TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404**

**INTRODUCTION**

Defendants Aearo Company ("Aearo") and Cabot Safety Intermediate Corporation ("CSI") have moved this Court to dismiss the present action for lack of venue, or in the alternative, to transfer this case to the Southern District of Indiana. Plaintiffs Bacou-Dalloz USA Safety, Inc. ("Bacou") and Howard Leight Industries, LLC ("HLI") submit that neither dismissal nor transfer is appropriate here. *First*, Defendants provide no basis whatever for their claim that dismissal is appropriate. *Second*, Defendants' claim that Plaintiffs have "absolutely no connection to Massachusetts" (Def. Brief p. 1) is incorrect. How Defendants could claim otherwise is puzzling in light of the fact that Defendants themselves invoked this Court's jurisdiction against Plaintiffs two times: once in 1997 when they brought suit for trademark infringement against Plaintiffs alleging claims under the same registration at issue in the present case, and again in 1996 when Cabot brought suit against Plaintiff HLI for patent infringement. *See Cabot Safety Intermediate Corp. v. Howard S. Leight & Assocs.*, 97-Civ-40216 (Report and

Recommendation dated March 9, 2000, D. Mass. 2000); *Cabot Safety Intermediate Corp. v. Howard S. Leight & Assocs.*, 992 F. Supp. 463 (D. Mass. 1998). These facts, coupled with Cabot's manufacture of its yellow colored earplugs in Southbridge, Massachusetts (Def. Brief p. 4), make venue plainly appropriate in the District of Massachusetts.

Because Defendants have failed to demonstrate that this suit should be dismissed for lack of venue, and because the facts of this case do not warrant transfer, Plaintiffs request that Defendants' motion be denied in its entirety.

## ARGUMENT

### I. THE MOTION TO DISMISS IS WITHOUT MERIT BECAUSE DEFENDANTS RESIDE AND MANUFACTURE YELLOW EARPLUGS IN SOUTHBRIDGE, MASSACHUSETTS

Defendants cannot maintain their contention that the action should be dismissed for improper venue. Defendants make yellow earplugs in Massachusetts, and therefore reside in Massachusetts. Venue is proper under 28 U.S.C.§ 1391(b).

### II. THIS ACTION SHOULD REMAIN IN MASSACHUSETTS WHERE DEFENDANTS BROUGHT THEIR FIRST INFRINGEMENT ACTION BASED ON THE SAME REGISTRATION INVOLVED IN THIS CASE

Defendants put forth two arguments in support of their claim that this action should be transferred to the Southern District of Indiana: they claim that the "first to file" rule warrants transfer to the Southern District of Indiana where Defendants filed a lawsuit, and they claim that 28 U.S.C. § 1404 warrants transfer. Neither of Defendants' arguments divests this Court of jurisdiction over this case.

In support of its position that this action should be dismissed in favor of the pending Indiana proceeding, Defendants rely on *Cody v. Ashcroft & Gerel*, 996 F. Supp. 95. 101, n. 8 (1st Cir. 2000). Def. Brief p. 6. Interestingly, the *Cody* court *refused* to

transfer the case pursuant to the doctrine of the "first to file" rule, finding, under the facts of that case, "the argument rings especially hollow." The *Cody* court then cited *Codex Corp. v. Milgo Electronic Corp.*, 553 F.2d 735, 737 (1st Cir.), *cert. denied*, 434 U.S. 860, 54 L. Ed. 2d 133, 98 S. Ct. 185 (1977) for the proposition that "while the first-filed rule ordinarily may be a prudent one, it is so only because it is sometimes more important that there be a rule than that the rule be particularly sound."

Admittedly, "the first filed action is generally preferred in a choice of venue decision." *Veryfine Products, Inc. v. Phlo Corp.*, 124 F. Supp. 2d 16, 21 (D. Mass. 2000) *citing Cianbro Corp. v. Curran-Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987). However, the plaintiff in a later-filed suit may demonstrate that considerations of convenience and judicial efficiency favor litigating the claim in the alternative forum. *Id., citing Nowak v. Tak How Investments, Ltd.*, 94 F.3d 708, 719 (1st Cir. 1996). See also *The Holmes Group, Inc. v. Hamilton Beach/Proctor Silex, Inc.*, 249 F. Supp. 2d 12, 15-16 (D. Mass. 2002) (Judge Nathaniel M. Gorton) (holding that while "the general rule favors the forum of the first-filed action, exceptions are not rare.... [T]he preference for the first-filed action may be overcome where (1) there are special circumstances justifying a transfer or (2) convenience favors the later-filed action" (citations omitted)).

Here, special circumstances justify the retention of this case by the District of Massachusetts. In 1997 Defendants brought suit against HLI and Bacou in this Court (Civil Action No. 97-40216). Defendants (plaintiffs in that suit) alleging that HLI infringed Cabot's U.S. Trademark Registration No. 1,435,400 for its yellow colored earplugs. In a 24-page decision, Magistrate Judge Charles B. Swartwood found, *inter*

3

*alia*, that Cabot and Aero failed to establish a likelihood of confusion and entered summary judgment against them.

The 1997 action is significant for several reasons. *First*, it disproves Defendants' claim that the parties have no connection to this Court, or that this Court is inconvenient for Defendants: Defendants voluntarily invoked this Court's jurisdiction. *Second*, this Court invested time and resources in deciding the 1997 action, and has acquired knowledge about the parties, the pertinent law and the trademark at issue (Reg. No. 1,435,400). Since the present case involves the identical parties, registration and trademark, this Court is uniquely positioned to hear and decide this case efficiently.

For the foregoing reasons, Plaintiffs submit that considerations of judicial efficiency favor litigating the issues in Massachusetts, notwithstanding the fact that Defendants were first to file in the Southern District of Indiana.

### III. DEFENDANTS HAVE NOT MET THEIR BURDEN TO SHOW THIS ACTION SHOULD BE TRANSFERRED WHEN THEY PREVIOUSLY ASSERTED THE SAME REGISTRATION IN THIS COURT

28 U.S.C.A. §1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404 was enacted to enlarge the common law power of the court under the well-settled doctrine of *forum non conveniens* and to prevent the waste of time, energy and money as well as to protect litigants, witnesses and the public against unnecessary inconvenience and expense. The burden is on the moving party to show that transfer to another forum is proper, and the decision whether to transfer is committed to the sound discretion of the district court. *Nowak v. Tak How Investments, Ltd.*, 94 F.3d at 719.

4

As shown *supra*, the interest of justice does not warrant the transfer of this action to the Southern District of Indiana. Here, Plaintiffs seek a judgment declaring that the color yellow is functional and cannot be a trademark for earplugs; that to the extent the color yellow may ever have been a valid trademark for earplugs, it has been abandoned; that HLI's manufacture and shipment abroad of yellow-colored earplugs for retail sale outside the United States violates no right of Defendants; and that the continued manufacture and sale of the earplugs which are the subject of the 1997 action violates no right of Defendants. If this Court were to decide that the color yellow is functional, or that the mark in Reg. No. 1,435,400 has been abandoned,[1] there would be no basis for sustaining any right to relief Defendants seek in the Indiana court. This case is likely to be decided by summary judgment, and the experience of this Court in ruling on this registration favors retaining jurisdiction.

Consideration of other facts also leads to the conclusion that jurisdiction is properly vested in this Court: Defendants manufacture the yellow-colored earplugs at issue in this lawsuit in Southbridge, Massachusetts; and Aearo's Annual Report for the Fiscal Year Ended September 30, 2003, indicates that the Southbridge facility is responsible for "manufacturing and administration."

The claims at issue in the present action are not document-intensive, and large, publicly-traded companies like Defendants will not be unduly burdened by having to transfer documents through its Connecticut attorneys to Massachusetts.

---

[1] The Complaint in this action alleges, at ¶¶ 16 -21 that for more than three years, CSI has been a wholly-owned subsidiary of Aearo, and consequently has no power or ability to realistically control Aearo with respect to the nature and quality of the yellow-colored earplugs which Aearo makes and sells. Since the benefits of Aearo's use of the yellow-colored earplug trademark have not inured to the benefit of CSI for more than three years, pursuant to Section 45 of the Trademark Act, 15 U.S.C. § 1127, whatever rights there may otherwise have been in the trademark are *prima facie* abandoned.

5

## CONCLUSION

For the foregoing reasons, Plaintiffs request that Defendants' motion be dismissed in its entirety, and that the Court retain jurisdiction over this action.

Respectfully submitted,

Dated: May 24, 2004

*Charles Hieken*

Charles Hieken (BBO 233640)
Gregory A. Madera (BBO 313020)
225 Franklin Street
Boston, MA 02110-2804
Tel.: (617) 542-5070
Attorneys for Plaintiffs,
BACOU-DALLOZ USA SAFETY, INC. and
HOWARD LEIGHT INDUSTRIES, LLC

30189957.doc

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by ~~mail/hand~~ or FedEx on *Charles Hieken*   MAY 2 4 2004

6