UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BACOU-DALLOZ USA SAFETY, INC., and <br> HOWARD LEIGHT INDUSTRIES, LLC <br> <br> Plaintiffs, <br> <br> v. <br> <br> CABOT SAFETY INTERMEDIATE <br> CORPORATION and AEARO COMPANY <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 04-40049-NMG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO
DISMISS OR TRANSFER VENUE PURSUANT TO 28 U.S.C. §1404**

Defendants, Cabot Safety Intermediate Corporation and Aearo Company (collectively referred to herein as "Cabot"), respectfully submit this Reply Brief in response to Plaintiffs, Bacou-Dalloz USA Safety, Inc. and Howard Leight Industries, LLC's (collectively referred to herein as "Leight"), Opposition to Defendant's Motion to Dismiss or Transfer Venue Pursuant to 28 U.S.C. §1404(a) (hereinafter "Opposition").

In its Opposition, Leight argues that judicial efficiency will somehow be served by keeping its declaratory judgment action in Massachusetts. However, Leight ignores the fact that it must defend Cabot's pending claims for trademark infringement, trademark dilution, false designation of origin, and related causes of action in its first filed civil action in the Southern District of Indiana (Civil Action No. 03-cv-00547-RLY-WTL). As discussed in Cabot's opening brief, Leight's complaint for declaratory judgment consists of compulsory counterclaims to the Indiana civil action. Leight has made no showing that Cabot's trademark infringement and related claims are not proper in Indiana. Accordingly, if Leight's complaint for declaratory

judgment is not dismissed or transferred, then identical claims will eventually be co-pending in the Southern District of Indiana and the District of Massachusetts.

In addition, the same parties are presently involved in other pending litigation in the Southern District of Indiana that involves both patents and trademarks (Civil Action No. 03-cv-00235-DFH-VSS and Civil Action No. 03-cv-01406-DFH-VSS). The Indiana court is very familiar with the parties and transferring this action to Indiana will only serve to promote judicial efficiency. Clearly, Leight's complaint for declaratory judgment can only result in substantial judicial inefficiency if it is not dismissed or transferred.

Moreover, Leight acknowledges that the first filed rule is applicable in this case and that "the first filed action is generally preferred in a choice of venue decision." (Opposition, p. 3). However, Leight argues that "special circumstances" exist in this case that should override the first filed rule because of a 1997 civil action between the parties in this district involving Cabot's U.S. Trademark Registration No. 1,435,400 for yellow colored earplugs (hereinafter the " '400 Registration"). According to Leight, this Court is "uniquely positioned to hear and decide this case efficiently" because of time and resources invested during the 1997 action. (Opposition, p.4).

Leight cites no authority for the premise that the previous action between the parties seven years ago constitutes a "special circumstance" that should override the first filed rule. The "special circumstances" exception is ordinarily reserved to prevent forum shopping and bad faith litigation tactics. *See e.g., Veryfine Products, Inc. v. Phlo Corp.,* 124 F.Supp.2d 16, 22 (D.Mass. 2000) ("[Special] circumstances are usually found in situations in which one party has won a race to the courthouse by jumping the gun and filing a declaratory judgment action in a forum that has little relation to the dispute."); *see also Black Diamond Equipment, Ltd. v. Genuine*

*Guide Gear*, 2004 WL 741428 (D.Utah 2004) (discussing "'special circumstances' such as bad faith and forum shopping"). Clearly, the "special circumstances" exception does not apply in this case because Cabot resides in Indiana and was not forum shopping when it filed its complaint there. No reasonable argument can be made that Indiana has little relation to this dispute. (Indeed, Leight has not even attempted to make such an argument). Moreover, there has been no suggestion that Cabot engaged in any bad faith when it chose to file its complaint in Indiana. Accordingly, the narrow "special circumstances" exception is inapplicable and the first filed rule should apply.

In addition, even if the 1997 action could qualify as a "special circumstance" (which it cannot), Leight's argument would be without merit because the issues raised in its complaint for declaratory judgement are completely different from the issues addressed by this Court in the 1997 action. First, the previous action involved completely different products. Specifically, in the 1997 action, Cabot asserted the '400 Registration against Leight's <u>partially</u> yellow-colored earplugs. Now, Cabot is asserting its trademark against Leight's earplugs that are entirely yellow, which is the subject of the '400 Registration.[1] The only issue considered and addressed by the Court in the earlier case was the likelihood of confusion between the registered trademark and Leight's partially yellow earplugs. The parties never briefed the issue of the validity of the '400 Registration and the issue was never considered by the Court.

In the present action, Leight's complaint for declaratory judgment does not even raise likelihood of confusion as an issue. Rather, the complaint challenges the validity of the '400

---

[1] Leight's Opposition inaccurately states that the 1997 action involved "yellow colored earplugs." (Opposition, p.3). Actually, the 1997 action involved partially yellow colored earplugs, an important distinction. For the Court's convenience, a copy of Magistrate Judge Charles B. Swartwood's summary judgment decision in the 1997 action is attached hereto as Exhibit 8.

3

Registration (First and Second Claims for Relief), challenges whether there is subject matter jurisdiction over sales made abroad (Third Claim for Relief), and asserts *res judicata* based on the 1997 action only to the extent Cabot intends to assert infringement against Leight's partially yellow-colored earplugs (Fourth Claim for Relief). As mentioned in Cabot's opening brief, Leight's Fourth Claim for Relief is moot because Cabot is not asserting the '400 Registration against Leight's partially yellow colored earplugs.

Thus, none of the issues raised in Leight's present complaint were addressed by this Court in the 1997 action. Accordingly, Leight's argument that "special circumstances" exist that override the first filed rule is completely baseless and Cabot's motion to dismiss or transfer should therefore be granted.

Leight also argues that venue is proper in this district because Leight was subject to personal jurisdiction here for the 1997 action and for a separate patent infringement action between the parties in 1998. (Opposition, pp. 1-2). This argument is of no help to Leight because, as the Court is well aware, venue and personal jurisdiction are entirely different matters and involve a different set of considerations. Accordingly, the previous civil actions between the parties are irrelevant to the determination of proper venue for the present action. Significantly, Leight does not dispute that it has no facilities, employees or documents in Massachusetts or any other tangible connection to this district.

Further, Leight argues that venue is proper in this district because Cabot manufactures one of its yellow-colored earplugs in Southbridge, Massachusetts. (Opposition, p.5). However, as averred to in the Declaration of Brian Myers (defendant Aearo's Marketing Director for the Passive Hearing Division), Cabot manufactures many brands of yellow colored earplugs in Indianapolis but only one brand in Southbridge (which is then shipped to Indianapolis for

packaging and distribution). Myers Decl., ¶¶ 6-7. Moreover, Leight does not dispute that all of Cabot's personel responsible for marketing, advertising and selling the yellow earplugs are located in Indianapolis. Thus, there is simply no doubt that Indianapolis is the appropriate venue for this action under 28 U.S.C. §1404.

Wherefore, for all of the reasons discussed above and in defendants' opening brief, defendants Cabot Safety Intermediate Corporation and Aearo Company respectfully requests that its motion to transfer venue pursuant to 28 U.S.C. §1404(a) be granted.

    Respectfully submitted,

    CABOT SAFETY INTERMEDIATE
    CORPORATION and AEARO COMPANY

    By: s/ Michael J. Rye
        Michael J. Rye, Esq. (BBO 556383)
        Andrew C. Ryan, Esq. (BBO 636622)
        CANTOR COLBURN LLP
        55 Griffin Road South
        Bloomfield, CT
        (860) 286-2929

Of counsel:
Robert B. Hebert
David C. Campbell
BINGHAM MCHALE LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204-4900

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS OR TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404 was filed electronically on this 1st day of June, 2004. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

Charles Hieken, Esq.
Gregory A. Madera, Esq.
225 Franklin Street
Boston, MA 02110-2804


                                                s/ Michael J. Rye