UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
BACOU-DALLOZ USA SAFETY, INC., and  )
HOWARD LEIGHT INDUSTRIES, LLC       )
                                    )
         Plaintiffs,                )   Civil Action No.
                                    )   04-40049-FDS
    v.                              )
                                    )
CABOT SAFETY INTERMEDIATE           )
CORPORATION and AEARO COMPANY,      )
                                    )
         Defendants.                )
                                    )
_____

**MEMORANDUM AND ORDER**

**SAYLOR, J.**

This is a trademark dispute involving the right to market and sell yellow-colored earplugs. On April 6, 2004, plaintiffs Bacou-Dalloz USA Safety, Inc. ("Bacou") and Howard Leight Industries, LLC ("Leight") commenced this action against defendants Cabot Safety Intermediate Corporation ("Cabot") and Aearo Company ("Aearo"), seeking a declaratory judgment that Cabot's trademark is invalid and has been abandoned under the Trademark Act, 11 U.S.C. § 1127.[1] The complaint also requested that the Court preliminarily enjoin the defendants from prosecuting a trademark infringement action filed against the plaintiffs two weeks earlier in the United States District Court for the Southern District of Indiana. Pending before the Court is the defendants' motion dismiss the plaintiffs' claims under Fed R. Civ. P. 12(b)(6) or to transfer the

---

[1] The complaint also seeks a declaratory judgment that (1) the United States District Court lacks subject matter jurisdiction over plaintiffs' sale and manufacture of earplugs abroad, and (2) principles of *res judicata* preclude the defendants from asserting claims against the plaintiffs for selling partially-yellow-colored earplugs.

case to the Southern District of Indiana under 28 U.S.C. § 1404(a).

## **Background**

The parties to this case are competitors in the personal safety industry, specializing in the manufacture and sale of earplugs. Bacou is a Delaware corporation with a principal place of business in Rhode Island. Leight, a subsidiary of Bacou, is a Delaware limited liability company with a principal place of business in California. Aearo is a Delaware corporation with a principal place of business in Indiana. Aearo also operates a manufacturing facility in Southbridge, Massachusetts. Cabot, a subsidiary of Aearo, is a Delaware corporation with a principal place of business in Delaware.

Cabot introduced its brand of yellow-colored earplugs into commerce in 1973, and obtained a trademark registration for yellow-colored earplugs in 1987. Aearo is the exclusive licensee of the Cabot trademark. Leight sells earplugs under the trademark name HOWARD LEIGHT. As set forth below, the parties have an extensive history of litigation surrounding the effect of Cabot's trademark on the ability of the plaintiffs to market earplug products.

In 1997, defendants filed suit in this Court, claiming that the Cabot trademark prohibited the plaintiffs from marketing and selling partially-yellow-colored earplugs. The Court granted summary judgment in favor of the plaintiffs.

On September 25, 2002, plaintiffs filed suit against the defendants in the United States District Court for the Central District of California, alleging trademark infringement and trademark dilution under the Trademark Act. That action was transferred to the Southern District of Indiana on February 14, 2003.

On September 25, 2003, defendants filed suit against the plaintiffs in the Southern District

of Indiana for false advertising and unfair trade practices under federal and state law.[2] Those claims arose out of the plaintiffs' advertising techniques and slogans for their earplug products.

Defendants filed a second action against the plaintiffs in the Southern District of Indiana on March 23, 2004, alleging that the plaintiffs' marketing and sale of yellow earplugs violates federal and state trademark law.

Two weeks later, the plaintiffs filed claims for declaratory relief in this Court. On April 30, the defendants moved to dismiss those claims or, alternatively, to transfer the plaintiffs' action to the Southern District of Indiana.

## Analysis

### I. Defendants' Motion to Transfer

The transfer of civil cases to another district is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) gives the District Court discretion to transfer matters according to an "individualized case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

In performing the context-specific analysis prescribed by § 1404(a), the Court must account for the convenience of witnesses, the location of documents and other evidence, the possibility that transfer will facilitate the consolidation of pending actions, and the interests of

---

[2] As of April 30, 2004, a motion to transfer that case to the Southern District of California was pending before the District Court in Indiana. The disposition of that motion is unclear.

justice. *Id.* at 30; *Coady v. Ashcraft*, 223 F.3d 1, 11 (1st Cir. 2000). The Court must also bear in mind that there is a presumption in favor of the plaintiff's choice of forum and that the burden of proof under § 1404(a) lies with the party seeking transfer. *See Coady*, 223 F.3d at 11; *see Princess House, Inc. v. Lindsey*, 136 F.R.D. 16, 18 (D. Mass. 1991).

In addition, it is well-settled under § 1404(a) that where two similar actions are proceeding concurrently in two federal courts, "the first filed action is generally preferred in the choice of venue decision." *Cianbro Corp. v. Curran Lavoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987); *Coady*, 223 F.3d at 11. This preference may be overcome only if convenience favors the second action or if some special circumstance is present. *See Kleinerman v. Luxtron Corp.*, 107 F. Supp. 2d 122, 124 (D. Mass. 2000). Courts have recognized "special circumstances" where the party who filed the first action acted in bad faith. *See, e.g., Veryfine Products v. Phlo Corp.*, 124 F. Supp. 2d 16, 22 (D. Mass. 2000); *Davox Corp. v. Digital Systems Int'l, Inc.*, 846 F. Supp. 144, 148 (D. Mass. 1993). For example, an exception to the preference for the first-filed case is warranted where "one party has won a race to the courthouse by . . . reacting to notice of imminent filing by filing a declaratory action in a forum that has little relation to the dispute." *Veryfine Products*, 124 F. Supp. 2d at 22.

Here, there are two similar actions pending simultaneously in two federal courts: defendants' action in Indiana claiming trademark infringement, and plaintiffs' action in this Court for a declaratory judgment on the validity of the Cabot trademark. Defendants argue that, because they filed suit two weeks prior to the plaintiffs, Indiana is the preferred venue for both

actions.[3]

The plaintiffs reject this conclusion, arguing that special circumstances justify the retention of this case in Massachusetts. Specifically, they cite the fact that the parties litigated a trademark case in this Court in 1997. This Court is "uniquely positioned to hear and decide this case efficiently," their argument goes, because it acquired knowledge about the issues and parties through its resolution of the 1997 litigation. Opposition Memorandum, p. 4.

This argument is innovative, but unpersuasive. The plaintiffs cite no precedent for overriding the preference for the first-filed action on grounds that the parties tried a somewhat similar case in this Court seven years ago. The undersigned District Judge was not yet on the bench when that matter was resolved, and the remoteness of the previous action and the different issues it involved make it doubtful that the Court is "uniquely positioned" to do anything.

Moreover, if any court is "uniquely positioned" to resolve this matter efficiently, it is the District Court for the Southern District of Indiana. As far as this Court is aware, there are three actions presently pending between the parties in the Southern District of Indiana, all of which relate to the Cabot trademark to some degree.[4] Therefore, contrary to the plaintiffs contentions, considerations of efficiency support giving preference to the first-filed case in this instance. *See Kleinerman*, 107 F. Supp. 2d at 126 (the principle that it is more efficient to try all related issues in one forum is "particularly germane to a patent case").

---

[3] Under ordinary circumstances, the general preference for the first-filed case obviously supersedes the general presumption in favor of the plaintiff's choice of forum. The rule would indeed be functionally meaningless if it did not trump the plaintiff's choice of forum. Thus, when two related actions are pending concurrently in separate jurisdictions, there is a presumption in favor of *first* plaintiff's choice of forum.

[4] As noted above, it unclear whether plaintiffs' motion to transfer defendants' action of September 25, 2003, to the Southern District of California is still pending.

The exceptions to the normal preference for the first-filed matter are not present in this case. There is no indication that it would be more convenient to try this case in Massachusetts than in Indiana. The plaintiffs have no permanent presence in Massachusetts, and, apparently, none of plaintiffs' evidence or witnesses are in Massachusetts. Although Aearo has a manufacturing facility in Massachusetts, defendants state that all of their potential witnesses reside in Indiana, and that documentation pertaining to the Cabot trademark is located at Cabot's Indiana headquarters. Accordingly, it appears that Indiana would be the more convenient forum from the standpoint of litigants and witnesses.

There is also no indication that defendants acted with bad faith in filing their action before the plaintiffs. Indeed, it was the plaintiffs who chose a forum (Massachusetts) that bears only an attenuated relationship to this dispute, and who seek declaratory relief that would undermine defendants' Indiana lawsuit. *See Veryfine Products*, 124 F. Supp. 2d at 22.

The validity of the Cabot trademark will be a dispositive factor in both defendants' trademark infringement suit and plaintiffs' request for declaratory relief from this Court.[5] In light of this overlap, there is a strong likelihood that transfer will facilitate the consolidation of the two actions. Considerations of judicial economy therefore weigh in favor of transferring this action to Indiana. *See Davox Corp.*, 846 F. Supp. at 149 (granting transfer motion to allow consolidation of related patent claims, which concerned similar technologies and involved common facts, discovery, and witnesses, in order to conserve judicial resources and promote efficiency).

The avoidance of duplicative litigation in separate forums also advances the interests of

---

[5] Indeed, as the defendants point out, plaintiffs' claims in this Court appear to be compulsory counterclaims to defendants' claims in Indiana. *See* Fed. R. Civ. P. 13(a).

justice. Justice is served by the conservation of judicial resources and the prevention of inconsistent judgments concerning the validity of the Cabot trademark. *See e.g., Smiths Industries Medical Systems, Inc. v. Ballard Medical Products, Inc.*, 728 F. Supp. 6, 7 (D.D.C. 1989) ("Piecemeal litigation in the complex and technical area of patent and trademark law is especially undesirable").

In summary, defendants' choice of venue in Indiana is entitled to preference, because they filed suit in that forum before the plaintiffs filed the instant action. In addition, transfer will promote convenience, judicial economy, and the interests of justice. Defendants have therefore met their burden under § 1404(a) and their motion to transfer this case to the Southern District of Indiana will be granted.

## II.    Defendants' Motion to Dismiss

In light of the Court's decision to transfer this case, the Court will not rule on defendants' motion to dismiss, which will be transferred with this matter to the Southern District of Indiana.

**Order**

For the reasons stated in the foregoing memorandum, the defendants' motion to transfer this case to the United States District Court for the Southern District of Indiana under 28 U.S.C. § 1404(a) is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated: December 13, 2004.